**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

CHRISTOPHER BOLES,

        Plaintiff,

v.

HOME DEPOT USA., INC., GORILLA LADDER CO., and
TRICAM INDUSTRIES, INC.,

        Defendants.

**HOME DEPOT U.S.A., INC.'S AND TRICAM INDUSTRIES, INC.'S JOINT NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, DISTRICT OF COLORADO**

Defendants, HOME DEPOT U.S.A., INC. ("Home Depot") and TRICAM INDUSTRIES, INC. ("Tricam"), by and through their attorney Frank C. Porada, of FisherBroyles LLP, and in accordance with 28 U.S.C. §§ 1332, 1441 and 1446, hereby provides notice and remove this case to the United States District Court for the District of Colorado for the following reasons.

Home Depot and Tricam represent the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

**Background and Procedural Requirements**

1. Home Depot and Tricam were named as a defendant in the Complaint filed in *Boles v. Home Depot U.S.A., Inc., et al,* pending in the District Court for the County of Arapahoe, Colorado, Case No. 2022CV30557 ("State Court Action"). A copy of the Complaint is attached hereto as **Exhibit 1**.

2. Home Depot was served with a Summons and the Complaint in the State Court Action on March 31, 2022. A copy of the Summons and Return of Service are attached hereto as

**Exhibits 2** and **3**. Prior to being served with the Summons and Complaint, Home Depot had not been served with any pleadings or papers.

3.  Tricam was served with a Summons and the Complaint in the State Court Action on April 6, 2022. A copy of the Summons and Affidavit of Service is attached hereto as **Exhibits 4** and **5**. Prior to being served with the Summons and Complaint, Tricam had not been served with any pleadings or papers.

4.  Plaintiff also directed a Summons to "Gorilla Ladder Company," which was delivered to Tricam on April 6, 2022. A copy of that return of service is attached hereto as **Exhibit 6**. However, as discussed below, "Gorilla Ladder Company" is not a legal entity and cannot be served.

5.  This Notice of Removal is timely filed, as it is being filed within thirty days after service of a summons and the Complaint upon Home Depot as required by 28 U.S.C. § 1446(b). *See, e.g.*, *Silli v. Meininger*, 2012 U.S. Dist. LEXIS 39673, * 6 (D. Colo. Mar. 12, 2012) (recognizing that amendments to § 1446 codified last-served defendant rule); *Hartford Steam Boiler Inspection v. Rivera Elec. LLC*, 2006 U.S. Dist. LEXIS 25937, * 5 (D. Colo. April 19, 2006) (holding that last-served defendant rule applies in cases of new defendant added by amended complaint lest new defendant be deprived of its removal rights).

6.  Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto as Exhibits 1 through 10, a copy of all process, pleadings and orders filed in the State Court Action, and a copy of the Register of Actions for the State Court Action.

## Complete Diversity of Citizenship

7.  Removal of the State Court Action is proper under 28 U.S.C. §§ 1332 and 1441 because the amount in controversy, exclusive of interest and costs, exceeds $75,000 and the action is between citizens of different states.

8. Plaintiff Christopher Boles is a resident and citizen of the State of Colorado.

9. Defendant Home Depot is a Delaware corporation with its principal place of business in Georgia. For purposes of diversity jurisdiction, Home Depot is a citizen of Delaware and Georgia. 28 U.S.C. § 1332(c)(1).

10. Defendant Gorilla Ladder Company is not a legal entity. It is a trade name owned by Tricam Industries, Inc.

11. Defendant Tricam Industries, Inc. is a Minnesota corporation with its principal place of business in Minnesota. For purposes of diversity jurisdiction, Tricam is a citizen of Minnesota. 28 U.S.C. § 1332(c)(1).

12. Because plaintiff is a citizen of Colorado, and Defendants are citizens of Delaware, Georgia, and Minnesota, complete diversity of citizenship exists.

### The Amount in Controversy

13. Furthermore, the amount in controversy in the action exceeds the sum of $75,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co., v. Owens,* 135 S. Ct. 547, 554 (2014) (holding a defendant's notice of removal need include a plausible allegation that the amount in controversy exceeds the jurisdictional amount). As set forth in the Complaint, Plaintiff claims to have suffered serious personal injury. Plaintiff claims his injuries have and will continue to result in further medical and related expenses; past and future rehabilitation; and further expenses. He seeks a judgment for "past reasonable medical expenses, future medical expenses, past and future pain and suffering, past and future loss of enjoyment of life, past and future emotional pain and distress, permanent injuries, and lost wages. While plaintiff has not put a precise figure on his claim for damages, given the nature of the injuries alleged and the medical expenses associated with such, it is more than plausible that plaintiff's alleged damages must be more than $75,000, exclusive of interest and costs.

14. In addition, Plaintiff's Civil Cover Sheet states that Boles seeks damages in excess of $100,000, which is to be credited. (Civil Cover Sheet, attached as **Exhibit 7**). *Paros Props. LLC v. Colo. Cas. Ins. Co.,* 835 F.3d 1264, 1272-73 (10th Cir. 2016).

## Effectuation of Removal

15. Defendants hereby remove this action to the United States District Court for the District of Colorado.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the District of Colorado is the District in which the State Court Action was pending.

17. Both Defendants join and consent to removal of this case.

18. Notice of Removal as stated above is being sent to the District Court of Colorado, Arapahoe County,

WHEREFORE, Home Depot and Tricam hereby remove this action to the United States District Court for the District of Colorado.

Dated: April 21, 2022                                      Respectfully submitted,

                                           s/*Frank C. Porada*
                                           Frank Porada
                                           FISHERBROYLES, LLP
                                           1400 16th Street, Suite 400
                                           Denver, CO 80202
                                           Telephone (303) 808-4706
                                           frank.porada@fisherbroyles.com
                                           Attorney for Defendants
                                           Tricam Industries, Inc. and Home Depot
                                           U.S.A., Inc.

**CERTIFICATE OF SERVICE**

This is to certify that on April 21, 2022, a true and correct copy of the foregoing is being served in accordance with the Federal Rules of Civil Procedure upon:

Clarence E. Gamble, Esq.
Ramos Law
10190 Bannock St., Suite 200
Northglenn, CO 80260
Fax: (303) 865-5666
*Attorney for Plaintiff*

                                                                                  s/*Frank C. Porada*
Frank C. Porada
FisherBroyles LLP
1400 16th Street, Suite 400
Denver, Colorado 80202
Telephone: 303-808-4706
frank.porada@fisherbroyles.com