# Exhibit 1

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 S. Potomac Street<br>Centennial, CO  80112<br>(303) 645-6600 | DATE FILED: March 29, 2022 8:29 AM<br>FILING ID: 93005BC4BE76A<br>CASE NUMBER: 2022CV30557 |
| **Plaintiff:**<br>**CHRISTOPHER BOLES**<br><br>**v.**<br><br>**Defendant:**<br>**HOME DEPOT U.S.A., INC., GORILLA LADDER COMPANY and TRICAM INDUSTRIES, INC.** | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff*:<br>Clarence E. Gamble, Esq., #54399<br>RAMOS LAW, LLC<br>10190 Bannock Street, Suite 200<br>Northglenn, CO 80260<br>T: 303.733.6353<br>F: 303.856.5666<br>E: clarence@ramoslaw.com | Case No.:<br><br>Division: |
| **COMPLAINT** ||

The Plaintiff CHRISTOPHER BOLES, by and through their attorneys, Ramos Law, submits the following Complaint against the Defendants, HOME DEPOT, U.S.A., INC., GORILLA LADDER COMPANY and TRICAM INDUSTRIES, INC., alleges and states as follows:

## PARTIES

1. At all times relevant to the events described in the Complaint, Plaintiff Christopher Boles ("Plaintiff" hereinafter), was and is a resident of Aurora, Arapahoe County, in the State of Colorado.

2. At all relevant times, the Defendant Home Depot, U.S.A., Inc., ("Defendant Home Depot" hereinafter) is a Delaware Corporation doing business in the State of Colorado.

3. The Defendant Home Depot's registered agent is located at 1900 W. Littleton Blvd., Littleton, CO 80501.  The Home Depot owns and operates a store located at 3870 Quebec Street, Denver, CO 80207.

4. At all relevant times, the Defendant Gorilla Ladder Company ("Defendant Gorilla Ladders" hereinafter) is a corporation organized under the laws of Colorado, and engaged in the manufacture of ladders, which were sold in Colorado to various wholesalers and retailers for distribution to the general public as ultimate consumers.

5. At all relevant times, the Defendant Tricam Industries, Inc. ("Defendant Tricam" hereinafter) is a foreign corporation registered to do business in the State of Minnesota.

6. The Defendant Tricam's registered agent is located at 7677 Equitable Drive, Eden Prairie, MN  55344.

7. Pursuant to C.R.C.P. 98(c) venue is appropriate in Arapahoe County, Colorado.

8. Pursuant to C.R.S. 13-1-124 the Defendants are subject to the jurisdiction of this Court.

## GENERAL ALLEGATIONS

9. Plaintiff is a partner and a plumber of a plumbing business called "Colby Plumbing" in Denver, Colorado.

10. Plaintiff is a skilled plumber and owns the equipment he uses for jobs.

11. On February 10th, 2021, Plaintiff was standing on the ladder while at a job site and on the job, located in Breckenridge, Colorado.

12. While reaching up to perform his task, the supporting leg of the ladder upon which Plaintiff was standing, unexpectedly failed causing the ladder to fall over onto its side and causing Plaintiff to fall over with it onto the ladder with his back and his side, and then onto the ground.

13. The ladder was positioned with all four feet of the ladder in contact with the ground in an A-Frame formation.  The Plaintiff was prudent in placing the ladder on a stable, non-slip, flat surface following all safety measures in setting up the ladder.

14. Another employee, Clayton Craiger witnessed Plaintiff's fall.

15. After the Plaintiff fell, he laid on the ground for a few minutes trying to catch his breath as he struggled to breath.  Shortly after, he was able to stand and walk to his truck and go back to the Airbnb where he was staying during this work trip.

16. After attempting to relax, he assessed his condition and decided to go to the emergency room at St. Anthony Summit Medical Center.

17. As a result of the fall caused by the failed ladder equipment, Plaintiff suffered personal injuries, losses, and damages.

18. Plaintiff's injuries have and will continue to result in further medical and related expenses; past and future rehabilitation; and further expenses as set forth below.

19. The subject ladder is a 14' Multi Position Ladder with a duty rating of 300 pounds.

20. Plaintiff purchased the ladder new at Home Depot store located at 3870 Quebec Street, Denver, CO 80207 on February 21, 2020.

21. Plaintiff had been using the ladder off and on since he purchased it the previous year.

22. The ladder is one of many ladders Plaintiff owns and uses in his business.

23. Plaintiff was aware of the 300-pound recommended weight limit printed on the label located on the ladder.

24. At the time the ladder broke, Plaintiff weighed in at 205 lbs. at the St. Anthony Summit emergency room.

## FIRST CLAIM FOR RELIEF
### (Negligence – Defendant Tricam)

25. Plaintiff incorporates by reference all other allegations contained within this Complaint;

26. Defendant Tricam manufactures the subject ladder;

27. Defendant Tricam was negligent by failing to exercise reasonable care to prevent the subject ladder from creating an unreasonable risk of harm to the Plaintiff as a person who might reasonably be expected to use the ladder while it was being used by the Plaintiff in the manner for which the Plaintiff was using the ladder;

28. Plaintiff was one of those persons who Defendant Tricam, should reasonably have expected would use their manufactured ladder; and

29. Plaintiff had injuries, damages and losses that were caused by the Defendant Tricam's negligence while the ladder was being used in a manner the Defendant should have reasonably expected the ladder to have been used.

## SECOND CLAIM FOR RELIEF
### (Breach of Implied Warranty of Merchantability – Defendant Home Depot)

30. Plaintiff incorporates by reference all other allegations contained within this Complaint;

31. Defendant Home Depot sold the defective ladder to the Plaintiff;

32. Plaintiff is a person who is reasonably expected to use the ladder;

33. Defendant Home Depot was a merchant and/or seller of the ladder;

34. The stepstool was not of merchantable quality at the time this product was sold to the Plaintiff;

35. The breach of this implied warranty caused the Plaintiffs injuries, damages, and losses; and

## THIRD CLAIM FOR RELIEF
### (Breach of Implied Warranty of Merchantability – Defendant Gorilla Ladder)

36. Plaintiff incorporates by reference all other allegations contained within this Complaint;

37. Defendant Gorilla Ladders sales the subject ladder;

38. Plaintiff is a person who is reasonably expected to use the subject ladder;

39. Defendant Gorilla Ladders was a merchant and/or seller of the ladder;

40. The ladder was not of merchantable quality at the time this product was sold to the Plaintiff;

41. The breach of this implied warranty caused the Plaintiff injuries, damages, and losses; and

42. Plaintiff notified the Defendants of his fall caused by the collapsing ladder within a reasonable time after his fall.

## FOURTH CLAIM FOR RELEIF
### (Breach of Implied Warranty of Fitness For
### A Particular Purpose Defendants Home Depot, Tricam and Gorilla Ladder)

43. Plaintiff incorporates by reference all other allegations contained within this Complaint;

44. Defendants sold the defective ladder to the Plaintiff;

45. Defendants impliedly warranted the ladder was safe, suitable, and fit to use and hold at a minimum 300 pounds which is a misrepresentation of a material fact;

46. Plaintiff who weighed only 205 pounds was a person who was reasonably expected to use the subject ladder;

47. The ladder was not suitable or fit for its intended use for which it was warranted;

48. This breach of warranty caused the Plaintiff injuries, damages and losses;

49. Plaintiff, within a reasonable time after he was injured by his fall as a result of the collapsing ladder, notified the Defendants of this subject incident;

## FIFTH CLAIM FOR RELIEF
### (Strict Product Liability Both Defendants)

50. Plaintiff incorporates by reference all other allegations contained within this Complaint;

4

51. Defendants caused the ladder to be sold to the Plaintiff;

52. Defendants were engaged in the business of selling the subject ladder for its intended use by the Plaintiff;

53. Defendants misrepresented that the subject ladder could hold the Plaintiffs weight of 205 pounds and up to 300 pounds. This was a material fact to potential buyers and users of the ladder;

54. This misrepresentation was made to Plaintiff and members of the public at large;

55. As a purchaser and user of the ladder the Plaintiff reasonably relied on this misrepresentation;

56. Plaintiff was a person who would reasonably be expected to use this ladder; and

57. Plaintiff had injuries, damages and losses caused by his reasonable reliance on this misrepresentation.

WHEREFORE, the Plaintiff, CHRISTOPHER BOLES, prays for judgment against the Defendants, Gorilla Ladder Company and Tricam Industries, Inc., for past reasonable medical expenses, future medical expenses, past and future pain and suffering, past and future loss of enjoyment of life, past and future emotional pain and distress, permanent injuries, and lost wages. Plaintiff further prays for judgment for a reasonable amount which will include prejudgment interest from the date of the incident as provided by law, and for costs of this action, including expert witness fees and for any other and further relief that the Court deems appropriate.

**PLAINTIFF'S DEMAND A TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted this 29th day of March 2022.

RAMOS LAW
*Original signature on file at Ramos Law*

*/s/ Clarence E. Gamble*
Clarence E. Gamble, Esq., #54399

Plaintiff's Address:
c/o Ramos Law
10190 Bannock Street, Suite 200
Northglenn, CO  80260